## GAF Corp. v. Kennedy Van Saun Corp. (No. 2)

*R. James Reynolds,* for plaintiff.

*Ann S. Pepperman* and *Charles J. McKelvey,* for defendant.

SPICER, *J.,* February 9, 1981—Defendant has filed interrogatories and plaintiff seeks a protective order. Plaintiff asks that the entire set of interrogatories be dismissed and defendant directed to narrow its questions.

Under Pa.R.C.P. 4005(c) the court may limit the number of interrogatories to protect a party from unreasonable annoyance, embarrassment, oppression, burden or expense, as justice requires.

Plaintiff has not objected specifically to any questions. Rather, it urges this court to hold that the number of questions is per se unreasonable. It points to the number of questions (318), to the sub-questions (400), and calculates that 1700 responses are required. Using a calculation based upon ten minutes a response, it estimates plaintiff will incur $22,000 in legal fees to answer the interrogatories.

Authorities make it clear there is no per se rule governing the number of interrogatories. Each case must "stand on its own feet, depending on the nature, extent, and complexity of the information sought to be discovered." 10 Goodrich-Amram 2d §4005(c):2.

Defendant urges that the interrogatories are proper. It points to the demand for $1.4 million in damages arising from a $120,000 transaction. This demand stems from numerous assertions of defects and consequential damages.

We have previously pointed out that this case involves a rock crusher purchased by plaintiff from

defendant: 15 D. & C. 3d 272 (1980). Plaintiff has said the crusher failed to perform according to required specifications. Defendant wants to know details about the lack of performance and the damages occasioned thereby.

Defendant's well organized brief has categorized the questions propounded in the interrogatories and has suggested the relevance of each category. Plaintiff has cited numerous cases, many of which are cited in Goodrich-Amram, supra, in which courts have summarily limited the number of interrogatories.

As much as we might be tempted to adopt a per se rule, we feel we cannot, in good conscience, do so. There is something to be said for brevity but we cannot allow a hard and fast rule to limit rights of discovery.

The court is constrained to comment that the bad old days when Pennsylvania was in the dark ages of discovery perhaps were not so bad after all. In those days, trial courts would not have had discovery rights pulling them in one direction and the 240 day rule pulling in another. And who was it who said nostalgia isn't what it used to be?

All yearning for speedy trials aside, we think the rules contemplate that plaintiff must show the interrogatories are improper in a case as complex and involving as much monetary damages as this. We cannot say the interrogatories are reasonable but neither can we say they are unreasonable. We certainly will not assume the task of reviewing the questions for a determination of which may be unreasonable. That is plaintiff's chore.

This case certainly justifies extensive discovery. Plaintiff is required to attempt answering the questions. If it finds any of them are objectionable, it can ask for specific relief at that time.

328

The following order will be entered.

ORDER

And now, February 9, 1981, the request for a protective order is denied.